# Applicability of Interest and Penalty Provisions of the Criminal Fine Enforcement Act to Fines Imposed as a Condition of Probation

Application of the interest and penalty provisions of the Criminal Fine Enforcement Act of 1984 is mandatory in the case of late payment or nonpayment of a fine imposed strictly as a condition of probation.

June 15, 1988

MEMORANDUM OPINION FOR THE DIRECTOR
EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS

This memorandum responds to your office's inquiry as to whether the interest and penalty provisions of the Criminal Fine Enforcement Act of 1984, 18 U.S.C. §§ 3565(b)(2), 3565(c)(1)-(2), apply in the case of late payment or nonpayment of a fine imposed strictly as a condition of probation. As set forth below, we conclude that the Criminal Fine Enforcement Act does mandate application of those provisions to fines imposed strictly as a condition of probation.

## Background

The Criminal Fine Enforcement Act of 1984, Pub. L. No. 98-596, 98 Stat. 3134 ("Act"), contains a series of provisions relating to the imposition and collection of fines in federal criminal cases.[1] Generally, these provisions (1) establish stan-

---

[1] As a preliminary matter, it is important to note that the federal fine provisions have an unusual and complicated legislative history. Two different bills, both pertaining to the imposition and collection of criminal fines and penalties, were passed by Congress and signed into law by the President during the same month. The first of these two bills, the Comprehensive Crime Control Act of 1984 ("Crime Control Act"), Pub. L. No. 98-473, 98 Stat. 1837, 1976, was enacted October 12, 1984. Title II of the Crime Control Act added three new chapters to title 18 of the United States Code that pertained to criminal fine collection: chapter 227 (Sentences), chapter 228 (Imposition, Payment and Collection of Fines), and chapter 229 (Postsentence Administration). Chapter 228 was to become effective immediately, while chapters 227 and 229 were to become effective on November 1, 1986. However, on December 26, 1985, Congress enacted the Sentencing Reform Amendments Act of 1985, Pub. L. No. 99-217, 99 Stat. 1728, which delayed the effective date of chapters 227 and 229 until November 1, 1987. On October 30, 1984, the President signed a separate fine collection measure, the Criminal Fine Enforcement Act of 1984 ("CFEA"), Pub. L. No. 98-596, 98 Stat. 3134, which, among other things, restored the text of chapters 227 and 229 with language identical to text existing prior to passage of the Crime Control Act In addition, the CFEA repealed section 228, which, under provisions of the Crime Control Act, was to become effective immediately.

Under the terms of the CFEA, restored chapters 227 and 229 became effective January 1, 1985, and apply to offenses committed on or after that date. As mentioned above, chapters 227 and 229 of the Crime Control Act took effect on November 1, 1987. Accordingly, the interest and penalty provisions found in the Criminal Fine Enforcement Act of 1984, which are pertinent to this discussion, effect only those crimes committed after December 31, 1984 and prior to November 1, 1987.

dards for the imposition of fines by federal judges; (2) increase fine levels for all federal offenses; (3) provide improved fine collection procedures; and (4) create incentives to the timely payment of fines. Section 3565(b)(1)(A) provides that a judgment imposing the payment of a fine or penalty "shall . . . provide for immediate payment unless, in the interest of justice, the court specifies payment on a date certain or in installments." Section 3565(b)(2) states that "[i]f the judgment specifies other than immediate payment of a fine or penalty, the period provided for payment shall not exceed five years, excluding any period served by the defendant as imprisonment for the offense. The defendant shall pay interest on any amount payment of which is deferred under this paragraph." In addition, the statute requires the defendant to pay interest on any amount of a fine or penalty that is past due. 18 U.S.C. § 3565(c)(1).

Federal district courts "may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best." 18 U.S.C. § 3651.[2] The court may require the defendant to "pay a fine in one or several sums." *Id.* If, at the end of the period of probation the defendant has not paid the fine, the defendant is still obligated to pay the fine, which is to be collected in the manner set forth in section 3565. *Id.*

The Executive Office for United States Attorneys ("EOUSA") contends that if the court enters a judgment of conviction, suspends imposition or execution of a sentence and, as a condition of probation, requires the defendant to pay a fine as provided under 18 U.S.C. § 3651, the collection and payment of the fine, including the imposition of interest and penalties, is governed by section 3565.[3] The EOUSA construes section 3565 to treat a fine imposed as a condition of probation (probation fine) in the same way in which it treats a "straight" fine, that is, a fine imposed as a sentence.[4] *See* 18 U.S.C. § 3565(b)(1).

The Administrative Office for the United States Courts ("AOUSC"), on the other hand, contends that the interest and penalty provisions of the CFEA do not apply to probation fines.[5]

The AOUSC notes that, historically, probation fines have always been treated somewhat differently from straight fines and argues that the CFEA contemplates a continuation of dual interest and penalty procedures.[6]

For the reasons outlined below, we conclude that the Criminal Fine Enforcement Act of 1984 mandates application of the interest and penalty provisions of section 3565 in the case of late payment or nonpayment of a fine imposed as a condition of probation.

---

[2] The court does not have such discretion when the judgment of conviction is of an offense punishable by death or life imprisonment. 18 U.S.C. § 3651.

[3] *See* Memorandum for Douglas W Kmiec, Deputy Assistant Attorney General, Office of Legal Counsel, from Laurence S. McWhorter, Acting Director, Executive Office for United States Attorneys (Apr 9, 1987).

[4] *Id.*

[5] *See* letter from David N. Adair, Jr, Assistant General Counsel, Administrative Office of the United States Courts, to William D. Andrews, United States Probation Officer (Nov. 21, 1986).

[6] *Id.*

## Discussion

We look first to the words of the statute to determine congressional intent.[7] It appears on the face of the statute that the CFEA's interest and penalty provisions are mandatory and apply to all fines. As previously mentioned, subsection 3565(c)(1) states that the defendant shall pay interest on "any amount of a fine or penalty ... that is past due." Subsection 3565(c)(2) states that if an amount owed by the defendant "as a fine or penalty" is past due for more than ninety days, the defendant shall pay a penalty equal to twenty-five percent of the amount past due. There is no specific indication in either of those two subsections that Congress intended the words "a fine or penalty" to exclude probation fines. Indeed, none of the subsections of section 3565 that make a reference to fines use language that can be interpreted on its face to be exclusionary in nature. On the contrary, these subsections use all-inclusive language. For example, subsection (a)(1) pertains to "all criminal cases in which judgment or sentence is rendered, imposing the payment of a fine or penalty, whether alone or with any other kind of punishment." Subsection (a)(2), provides that a "judgment imposing the payment of a fine or penalty" shall, with specified exceptions, be a lien in favor of the United States upon all property and rights of property belonging to the defendant. Subsection (b)(1) states that a "judgment imposing the payment of a fine or penalty shall ... provide for immediate payment" unless the court specifies payment on a date certain or in installments.[8] In sum, on its face section 3565 applies to all fines, a class which includes probation fines.

The probation sections of the CFEA do not provide further enlightenment as to whether Congress intended to treat probation fines in the same manner as straight fines with respect to the interest and penalty provisions of section 3565. Section 3651 empowers the court to "suspend the imposition or execution of sentence and place the defendant on probation for such period and upon [further] terms and conditions as the court deems best." That section further provides that the court may require the defendant to pay a fine in a lump sum or in several sums. Section 3655 describes the duties of probation officers, including the requirement to report to the court any failure of a probationer under his supervision to pay an amount due as a fine or as restitution. None of the sections pertaining to conditions of probation make any mention of monetary penalties, including interest payments, in the case of a failure to pay a probation fine.[9] Nor do those sections make any references to the interest and penalty provisions em-

---

[7] *See, e g , Touche Ross & Co. v. Redington,* 442 U.S. 560, 568 (1979).

[8] *See also* subsection (d)(1), providing that except under specified circumstances the defendant shall pay to the Attorney General "any amount due as a fine or penalty;" subsection (f), which applies in circumstances in which "a fine or penalty is imposed on an organization" and "a fine or penalty is imposed on a director, officer, employee, or agent of an organization;" and subsection (g), which sets forth procedures to be followed when "a fine or penalty is satisfied as provided by law."

[9] The current law governing probation is embodied in chapter 231 of title 18. Pub. L. No. 98–473, tit. II, ch. II, § 212(a)(1),(2), 98 Stat 1987 (1984), repealed chapter 231 effective Nov 1, 1987, pursuant to section 235 of Pub L No. 98–473, and amended by Pub. L. No. 99–217, § 4, 99 Stat 1728 (1985).

bodied in section 3565;[10] section 3561's only specific reference to section 3565 is the statement that the fines shall be collected in the manner provided by section 3565.

It also has been suggested that the CFEA's identical treatment of straight fines and probation fines for certain purposes should be read as a manifestation of Congress' intent that the two types of fines be treated identically throughout the Act for other purposes, including application of the interest and penalty provisions of section 3565.[11] For example, section 3561 of the CFEA provides that, like straight fines, probation fines do not expire with the conclusion of criminal proceedings.[12] Likewise, the two types of fines are handled identically with respect to collection.[13] Although certainly not dispositive of the issue, the Act's parallel treatment of the two categories of fines could be read to manifest an overall congressional approach to fines and penalties.

In light of the fact that the CFEA does not explicitly include or except probation fines from application of its interest and penalty provisions, we look next to the legislative history of the CFEA. Research reveals, however, that although it is clear from the legislative history that a primary purpose of the statute was to encourage the prompt and full payment of fines[14] and that the interest and penalty provisions were created to encourage timely payment,[15] neither the congressional debates nor the report accompanying the legislation provides a definitive statement as to Congress' intent with respect to this issue. There is some indication in the legislative history that Congress recognized that an incentive for payment of fines already existed with respect to probation fines. One could infer from that recognition that Congress saw a need for an incentive in the case of straight fines. We do not believe, however, that merely because Congress recognized the need for a monetary incentive for straight fines it follows that Congress intended that there was to be no monetary incentive for the defendant to comply with probation fines above and beyond the ever-present threat of termination of the probation and the resulting imposition of a prison sentence. Indeed, section 3651 of the CFEA provides that the defendant's obligation to pay a fine imposed or made a condition of probation is not extinguished when the court terminates the proceedings against the defendants; accordingly, there would still be a need for an

---

[10] In contrast, the probation sections contained in the Comprehensive Crime Control Act of 1984 give the court discretion to require the defendant to "pay a fine imposed pursuant to the provisions of subchapter C." 18 U.S.C. § 3563(b)(2). Subchapter C contains the general fine provisions, the implementation of which are governed by the provisions of subchapter B of chapter 229, which contains the interest and penalty provisions. Accordingly, by specific reference, the interest and penalty provisions apply to fines imposed strictly as a condition to probation.

[11] *See* Memorandum for Douglas W. Kmiec, Deputy Assistant Attorney General, Office of Legal Counsel, from Laurence S McWhorter, Acting Director, Executive Office for United States Attorneys (Apr. 9, 1987).

[12] With respect to straight fines, the CFEA provides that the obligation to pay a fine or penalty ceases only upon the death of the defendant or the expiration of twenty years after the date of the entry of the judgment, whichever occurs earlier. 18 U.S.C. § 3565(h)

[13] The collection of straight fines is governed by 18 U.S.C. § 3565(d)-(h). Probation fines "shall be collected in the manner provided in section 3565 of this title." 18 U.S.C. § 3651.

[14] H.R Rep. No 906, 98th Cong., 2d Sess. 1 (1984). *See also* 130 Cong. Rec. 31,946–48 (1984) (statement of Sen. Percy).

[15] *Id.* at 3.

incentive once the proceedings were terminated.[16] In sum, we find no conclusive statement in the legislative history as to Congress' intent with respect to whether the interest and penalty provisions apply to probation fines.

Finally, the only case law addressing the application of the interest provisions of sections 3565(b)(2) and 3565(c)(1),(2) to probation fines holds that probation fines are governed by these provisions. Indeed, the United States Court of Appeals for the Third Circuit found that where restitution was ordered as a condition of probation, postjudgment interest was properly ordered despite the fact that the Federal Probation Act, 18 U.S.C. § 3651, makes no reference to the payment of interest in connection with restitution. *United States v. Sleight*, 808 F.2d 1012 (3rd Cir. 1987). The court found a parallel between court-ordered restitution and criminal fines, stating that "[a] judgment for restitution can be viewed as a debt to the victim just as a judgment for a fine is considered to be a debt to the sovereign. Congress has provided that fines and penalties can be enforced in the same manner as civil judgments, and that postjudgment interest must be paid on any fine or penalty that is past due." *Id.* at 1020. The court further noted that should the defendant not be required to pay postjudgment interest, he (the defendant) would have an economic incentive to "delay such payment until the last possible opportunity." *Id.* at 1021. In finding that postjudgment interest was properly ordered where the defendant failed to pay restitution imposed a condition of probation, the *Sleight* court read section 3565(c)(1) to mandate payment of postjudgment interest on *any* fine or penalty that is past due, including fines imposed as condition for probation. *Id.* at 1020. Thus, the court's interpretation of the CFEA's interest and penalty provisions supports our conclusion that those provisions apply to probation fines.[17]

## Conclusion

We conclude that application of the interest and penalty provisions embodied in sections 3565(b)(2) and 3565(c)(1)-(2) of the Criminal Fine Enforcement Act of 1984 is mandatory in the case of late payment or nonpayment of all fines imposed in criminal cases in which judgment or sentence is rendered. Accordingly, we find that application of the interest and penalty provisions is mandatory where the defendant has failed to pay a fine imposed as a condition of probation pursuant to 18 U.S.C. § 3651.

JOHN O. MCGINNIS
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[16] In its discussion of the problem with collecting straight fines, Congress noted that, apparently in contrast, "[a] defendant who fails to pay a fine that is a condition of probation can have probation revoked." H.R. Rep. No. 906, 98th Cong., 2d Sess. 3 (1984). During the debates, Senator Percy noted that "the new law takes away the economic incentive for avoiding fine payment as long as possible by providing for interest and penalties on unpaid fines." 130 Cong. Rec. 31,947 (1984). He went on to note in the same paragraph that "[a]ll fines will be due at once, unless a definite payment schedule is established at the time of sentencing." *Id* The Senator did not appear to make a distinction between straight fines and probation fines

[17] We note that the effect of our opinion is limited in that under 18 U.S.C. § 3651 the court "may revoke or modify any condition of probation, or may change the period of probation."

121